IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Danny Hoskin,<br>    Plaintiff,<br><br>v.<br><br>Karen Brown, et al.,<br>    Defendants. | )<br>)<br>)<br>)    1:14cv759 (CMH/TCB)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Danny Hoskin, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his Fourteenth Amendment Due Process rights by denying him parole. The matter is now before the Court on defendants' Motion for Summary Judgment, filed on December 18, 2014. Defendants simultaneously filed a supporting memorandum in support, and provided plaintiff with the notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On January 6, 2015, plaintiff responded by filing a Response in Opposition, accompanied by a supporting memorandum. Dkt. 22-23. After careful consideration, defendants' Motion for Summary Judgment will be granted, and judgment will be entered in their favor.

### I. Background

The following material facts relevant to this case are uncontroverted. On April 6, 1990, Plaintiff was convicted of burglary, robbery, kidnapping/abduction, and sexual assault/battery in Fairfax Circuit Court. Brown Aff. ¶ 4. Plaintiff is currently confined in the Greensville Correctional Center, where he is serving a total sentence of 260 years and 12 months. Brown Aff. ¶ 5. Plaintiff became eligible for consideration for release on discretionary parole on June 2, 1998. Id. He will not be eligible for mandatory parole until his projected mandatory parole

release date of November 18, 2120. Id. Plaintiff was considered annually for discretionary parole release in the years 2011, 2012, 2013 and 2014 and was denied each year by the Virginia Parole Board ("VPB"). Amend. Compl. Exhs. C, D, E, and F. In 2011, the VPB stated that parole was denied because of the "serious nature and circumstances of offense" and the "crimes committed." Amend. Compl. Exh. C. In 2012, the VPB listed multiple factors it considered and concluded discretionary parole should be denied because of Hoskin's "history of drug and/or alcohol abuse," "history of violence – indicated serious risk to the community," "serious nature and circumstances of offense," and "serious disregard for property rights." Amend. Compl. Exh. D. In 2013, the VPB denied discretionary parole again for "serious disregard of property rights," "risk to the community," and "serious nature and circumstances of offense." Amend. Compl. Exh. E.

Plaintiff claims that, in December 2013, plaintiff's father contacted the VPB to schedule a meeting. Amend. Compl. pg 2. According to the Plaintiff, his father was informed that he would meet with the Board on February 4, 2014 and that the Board would not make a decision on Plaintiff's discretionary parole until after the meeting. Amend. Compl. pg 2-3. Plaintiff met with the VPB on February 9, 2014. Amend. Compl. Exh. G. However, prior to the hearing, plaintiff received a letter from the VPB dated January 30, 2014, stating that it would not grant parole based on its hearing dated April 1, 2013. Amend. Compl. Exh. F. The letter is the same letter as its prior April 2013 letter. Id. Thereafter, on February 14 2014, Plaintiff filed a request to appeal the VPB's decision as stated in the January 30, 2014, claiming that the Board did not consider family input and updated information regarding current physical and mental conditions, and that the VPB sent the same denial letter, and that the VPB's reasoning was unclear. Amend.

Compl. Exh. A. On March 13, 2014, the VPB denied plaintiff's request for appeal stating that the "[i]nformation on which the request for appeal is based does not show a significant error in the information, policies or procedures related to the stated reason(s) for the decision." Id. Prior to receiving the VPB's response to his request for appeal, Plaintiff received another letter, dated March 12, 2014, in which the VPB denied plaintiff parole from the February 9, 2014 hearing. Amend. Compl. Exh. G. The letter again stated that the Board considered a number of factors but that discretionary parole would be denied for the following reasons: "serious nature and circumstances of your offense(s)," "you need to show a longer period of stable adjustment," and "release at this time would diminish seriousness of crime." Id.

On March 19, 2014, plaintiff filed another request to appeal, arguing the VPB did not consider up to date information regarding his current physical and mental condition, the Board provided "unclear reasons for denying parole," and the Board gave "unjustified variety of reasons for parole denial." Amend. Compl. Exh. B. On April 10, 2014, the Board denied plaintiff's request for the same reason as his previous request. Id. Plaintiff then sent a letter to William Muse, Chairman of the Board, wherein, plaintiff asks how he could overcome the some of the reasoning behind the denial of parole, including the "serious nature and circumstance of offense" and "risk to community." Plaintiff filed his 42 U.S.C. § 1983 civil rights complaint on June 19, 2014 and named Karen Brown, Chairman of the VPB, and Minor Stone, a member of the VPB, as defendants.

### Motion for Summary Judgment

It is apparent at this juncture that the defendants are entitled to summary judgment on plaintiff's claim. Summary judgment "shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once the moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Those facts which the moving party bears the burden of proving are facts which are material. "Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

Plaintiff makes multiple claims that defendants' actions have violated due process, parole policy, and Virginia statutes. Specifically he claims that (1) defendants failed to consider his physical and mental condition before denying parole; (2) defendants failed to consider an interview with plaintiff's father before denying parole; (3) defendants' provision of two different denial letters for the same parole hearing was inadequate statement of reasons for denying

parole; (4) defendants failed to show cause "for giving different reasons for denying parole each year despite three being no change in the information that was reviewed"; (5) defendants failed to specify how plaintiff can change the "serious nature and circumstances of offense" reason for his parole; and (6) defendants' failure to specify why plaintiff was a "risk to the community." Amend. Compl. pg 4.

First, to the extent that plaintiff is seeking to challenge the VBP's denials of discretionary parole from before June 2012, he is time-barred. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)). However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action commences, for the purposes of the statute of limitations, as soon as he delivers his complaint to prison officials for mailing. Lewis v.

Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991). Accordingly, if plaintiff did not deliver his complaint to prison officials for mailing within two-years of knowing or having reason to know of his alleged injury, he is barred from filing suit by the applicable statute of limitations. Because the statute of limitations provides an affirmative defense to this action, the Court may summarily dismiss a time-barred complaint as failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A. See Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Here, plaintiff possessed sufficient knowledge of his cause of action when the VPB sent its letters denying him discretionary parole. Therefore, the causes of action for each denial of discretionary parole started to accrue on the date of each letter. Plaintiff did not file his complaint until June 11, 2014. Consequently, to the extent plaintiff is attempting to challenge any denial of discretionary parole addressed in VPB letter dated before June 11, 2012, he is barred.

With respect to plaintiff's due process claims, Plaintiff will not be eligible for mandatory parole until November 2120. Therefore, his claims concern the VPB's decisions not to grant him discretionary parole. As a Virginia inmate, plaintiff has some protected liberty interest in consideration for parole eligibility. Hill v. Jackson, 64 F.3d 163, 170 (4th Cir. 1995). The Fourteenth Amendment requires a state to provide due process of the law before depriving any person of life, liberty, or property. U.S. Const. amend. XIV. Thus, in analyzing an inmates due process claim, the court first must consider whether, and to what extent, the plaintiff has a protectible interest under the Fourteenth Amendment. Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); Slezak v. Evatt, 21 F.3d

590, 594 (4th Cir. 1994). If the plaintiff has asserted a protectible interest, the court then determines whether he has sufficiently alleged that the Commonwealth failed to afford him the minimum procedural protections required by the Fourteenth Amendment in depriving him of this interest. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Slezak, 21 F.3d at 593.

"A liberty interest may arise from the Constitution itself" or "from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). An "abstract ... desire" or "unilateral expectation" is insufficient to create a protectible interest. Greenholtz, 442 U.S. at 7, 99 S.Ct. 2100 (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)) (internal quotation marks omitted). Rather, the Due Process Clause protects only those interests to which an individual has a "legitimate claim of entitlement." Id. (quoting Roth, 408 U.S. at 577, 92 S.Ct. 2701) (internal quotation marks omitted). It is well-established in the context of parole that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Id. Accordingly, to the extent inmates enjoy a protectible interest in parole, this interest must find its roots in rights imparted by Virginia law.

Virginia law gives rise to a limited interest in consideration for parole, but not in parole release. Specifically, the Virginia Code mandates that the Board must adopt rules governing the granting of parole and eligibility for parole and that it must release eligible persons who it finds suitable for parole under these rules. Va.Code Ann. § 53.1–136(1)–(2)(a). Because the decision whether to grant parole is a discretionary one, "a prisoner cannot claim entitlement and therefore a liberty interest in the parole release." Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir.1991) (en

banc); Greenholtz, 442 U.S. at 7 ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") see also Vann v. Angelone, 73 F.3d 519, 522 (4th Cir.1996). Therefore, plaintiff has no protected liberty interest in being granted discretionary parole.

In any event, plaintiff was given minimum procedural protections required by the Fourteenth Amendment. Although the Virginia parole statute establishes a liberty interest, inmates are entitled to no more than minimal procedure. Vann, 73 F.3d at 522. In Vann, the Fourth Circuit addressed claims very similar to plaintiff's and held that, under the Constitution, states are not required to "articulate detailed standards for parole eligibility under the [parole] statute." Id. at 523. In Vann, parole authorities were found to have satisfied the procedures mandated by the due process clause when they sent the prisoner a letter explaining that his prior criminal activity precluded him from eligibility for parole. Id.

In the instant action, plaintiff admits and provides evidence that the Virginia Department of Corrections provided him with an initial rulings of ineligibility pursuant to Virginia Code § 53.1-151(B1) and that the VPB reviewed and upheld those determinations. Moreover, although the VPB has not issued a policy, process, or standard that allows plaintiff to predict whether eligibility for parole will be granted or denied, the Constitution does not require that such a policy be issued.

Here, it appears that plaintiff argues the VPB did not discharge the minimal procedures required by due process; particularly the VPB's reasonings behind its denials – "serious nature and circumstances of offense" and "risk to community." The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole.

Specifically, "[a]t most, ... parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." Burnette, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette v. Fahey, 3:10CV70, 2010 WL 4279403, at *8 (E.D.Va. Oct. 25, 2010). Moreover, "where the denial of parole ... rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir.1986) (citing Zant v. Stephens, 462 U.S. 862 (1983)). Here, the VPB provided plaintiff with a statement of its reasons for denying him parole. The seriousness of plaintiff's offense and the risk to the community provide legitimate bases for the VPB to deny plaintiff release on parole. Burnette, 687 F.3d at 181 (the Fourth Circuit concluding that "the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of 'the seriousness of [his] crime' and his 'pattern of criminal conduct.'"). Moreover, there is no constitutional requirement for the VPB to provide plaintiff with advice on how to overcome the obstacles of parole review, nor for it to consider his physical and mental condition or an interview with plaintiff's father before denying parole. Finally, the court cannot infer from plaintiff's allegations that the VPB has not considered him on an individual basis in accordance with relevant factors when determining parole, including his physical and mental condition. In fact, according to the disposition letter, the VPB explained that it "considered a number of factors including, but not limited to," "prior criminal history," "personal history," "evaluations; impressions gained when interviewed by the parole examiner; and any other information provided by [inmate's] attorney,

9

family, victims, or other persons." Amend. Compl. Exh. G.

Lastly, plaintiff argues that defendants provided two different denial letters for the same parole hearing and that those letters failed to specify why plaintiff was denied parole. While there are two letters dated in the year 2014, there was only one letter notifying plaintiff of the results of his February 9, 2014 parole board hearing. Amend. Compl. Exh. G. In addition the letter states multiple reasons for the VPB's denial of parole, including "serious nature and circumstances of your offense(s)," "you need to show a longer period of stable adjustment," and "release at this time would diminish seriousness of crime." Id. The previous letter dated January 30, 2014 was obviously was sent prior to the parole board hearing and thus sent in mistake. The court does not see how this ill-afforded plaintiff the minimal procedural protections required by the Fourtheenth Amendment. Therefore, the court finds that plaintiff has received all the necessary process that was due and has thus failed to state any claim that defendants' actions were in violation of the Fourtheenth Amendment.

In sum, then, no issues of material fact preclude summary disposition of this action. As plaintiff has failed to carry his burden to show either he has was deprived of life, liberty, or property or that the Commonwealth failed to afford him the minimum procedural protections required by the Fourteenth Amendment in depriving him of this interest, defendant is entitled to summary judgment with respect to all of plaintiff's claims.

## V. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted, and judgment will be entered in their favor. An appropriate Order shall issue.

Entered this ___8th___ day of ___Sept___ 2015.

                                                   *Claude M. Hilton*
                                                 United States District Judge

Alexandria, Virginia